UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AJB ENTERPRISES, LLC,
    *Plaintiff*,

v.

BODY RELAX CANE *et al.*,
    *Defendants*.

No. 3:16-cv-02117 (VAB)

**ORDER TO SHOW CAUSE**

AJB Enterprises, LLC ("Plaintiff" or "AJB") filed an Amended Complaint against Body Relax Cane, John Doe II, Jack Koll,[1] and Rip Bains (collectively "Defendants") on May 17, 2017. Am. Compl., ECF No. 24 (May 17, 2017). Since then, AJB has not successfully served Defendants with a summons and Complaint.

On July 19, 2017, the Court granted AJB's motion to amend its complaint, 2017, Order, ECF No. 26 (July 19, 2017), and AJB allegedly began attempting to serve process on the Defendants named in the Amended Complaint at this time, Mot. for Alt. Service, ECF No. 28 at 8 (Dec. 5, 2017).

On August 30, 2019, Plaintiff submitted a second motion for leave to use alternative service. Second Mot. for Alt. Service, ECF No. 35 (Aug. 30, 2019).

On October 29, 2019, the Court denied that motion for alternative service without prejudice to renewal. Ruling on Mot. for Alt. Service, ECF No. 36 (Oct. 29, 2019). The Court emphasized that AJB "ha[d] not exhausted the possibilities for discovering physical and/or mailing addresses to serve Defendants through the several individuals or entities that are likely to

---

[1] Plaintiff's filings have used different names at different times, but they apparently refer to the same Defendant, either "Jack Koll" or "Jack Knoll."

1

have that information." *Id.* at 10. In addition, the Court noted that "[i]f AJB wishes the Court to consider whether a third-party subpoena may be appropriate in this case, AJB should file a motion for leave to serve a third-party subpoena." *Id.* at 10-11.

According to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

To this date, AJB has not successfully served Defendants with a summons and Complaint, and has not attempted any action since the Court's ruling issued on October 29, 2019. Significantly, AJB has made no efforts to obtain a third-party subpoena, despite its previous efforts having "identified several individuals or entities that may be likely to have knowledge of mailing addresses for one or more of the Defendants, including Defendants' apparent trademark attorney Raj Abhyanker, several possible family members of Rip Bains, Amazon, and government agencies." Ruling on Mot. for Alt. Service, ECF No. 36 at 9.

It has been much longer than 90 days since the Amended Complaint was filed; in fact, it has been ninety days since the Court issued its last ruling denying AJB's second motion for alternative service. *See, e.g.*, *Tolchin v. County of Nassau*, 768 Fed. Appx. 60 (2d. Cir. 2019) (affirming a district court's Rule 4(m) dismissal for failure to serve process, when plaintiffs failed to effectuate service for more than sixteen months after the complaint was filed, but finally effected service after the district court ordered them to show cause as to why the case should not be dismissed for failure to effectuate service); *see also Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007) (affirming dismissal under Rule 4(m) where the plaintiff "made no effort to

effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay").

Accordingly, consistent with this Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," see *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892, the Court orders AJB to appear at **10:00 AM** on **February 28, 2020** and show cause as to why this case should not be dismissed for failure to effect service on the defendants.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of January, 2020.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE