# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

AJB ENTERPRISES, LLC,
    *Plaintiff*,

    v.

BODY RELAX CANE *et al.*,
    *Defendants*.

No. 3:16-cv-02117 (VAB)

## ORDER ON MOTION TO REOPEN

AJB Enterprises, LLC ("Plaintiff" or "AJB") has moved to reopen its case against Body Relax Cane, John Doe II, Jack Koll,[1] and Rip Bains (collectively "Defendants") after the Court ordered the case closed. Mot. to Reopen, ECF No. 41 (Feb. 28, 2020).

For the following reasons, the Court **DENIES** AJB's motion to reopen the case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the factual background and procedural history. *See* Ruling on Mot. for Alt. Service, ECF No. 36 (Oct. 29, 2019); Order to Show Cause, ECF No. 37 (Jan. 27, 2020).

On February 28, 2020, the Court held a show cause hearing, Minute Entry, ECF No. 39 (Feb. 28, 2020), and dismissed the case, because AJB failed to appear and failed to file anything indicating why the case should not be dismissed for failure to effect service on Defendants since the Second Amended Complaint[2] was filed on May 17, 2017, Order Dismissing Case, ECF No. 40 (Feb. 28, 2020).

---

[1] Plaintiff's filings have used different names at different times, but they apparently refer to the same Defendant, either "Jack Koll" or "Jack Knoll."

[2] The original Complaint was filed on December 26, 2016, Compl., ECF No. 1 (Dec. 26, 2016), and the First Amended Complaint was filed on April 18, 2017, ECF No. 21 (Apr. 18, 2017).

After the Court dismissed the case, AJB filed a motion to reopen the case, Mot. to Reopen; two supporting exhibits, Exs., ECF Nos. 42-43 (Feb. 28, 2020); and a certificate of service, which purportedly confirms service was made on Defendant Baines by e-mail to ripleyb80@gmail.com, Certificate of Service, ECF No. 44 (Feb. 28, 2020).

**II.    DISCUSSION**

Federal Rule of Civil Procedure 60(b) permits a movant to avoid the effect of a final judgment on the following bases:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court[.]" *Stevens v. Miller,* 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted). "A Rule 60 motion 'may not be used as a substitute for appeal' . . . a claim based on legal error alone is inadequate." *Nelson v. City of Stamford*, 2012 WL 3155999, at *2 (D. Conn. Aug. 3, 2012) (quoting *United Airlines, Inc. v. Brien*, 588 F.3d 62 (2d Cir. 2009)).

In its motion to reopen, AJB first contends it "misinterpreted" the Court's order to show cause. Mot. to Reopen at 1. According to AJB, "[d]ue to a docketing error, the response to the order to show cause was docketed as the filing of a responsive document instead of as a court appearance." *Id.* Next, AJB notes its "efforts" to serve Defendants and claims it has successfully served Defendant Bains. *Id.* at 1–2. AJB claims it served a third-party subpoena on Mr. Bains's sister-in-law, Shamika Bains; "shortly thereafter" spoke with Mr. Bains on the phone; and

eventually obtained Mr. Bains's e-mail address. *Id.* at 2. AJB submits that Mr. Bains "was provided with the complaint by email," and "was also served by certified mail return receipt requested," which "fulfill[s] requirements for service on a party out-of-state specified as certified mail with a request for a return receipt." *Id.* (citing Cal. Civ. Proc. Code § 415.40 and Sosa Decl., ECF No. 42 (Feb. 28, 2020)). AJB thus asserts "the complaint has been served by a process server at the address given by" Ms. Bains, and "as a result of conversations" between AJB's counsel and Mr. Bains, "it is clear that he is aware of the lawsuit." *Id.* at 2–3. AJB seeks both the reopening of the case and sanctions "due to the dishonest and the intentional avoidance of service of process by" Mr. Bains. *Id.* at 3.

The Court disagrees.

According to Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As the Court has previously noted, to this date, AJB has not successfully served Defendants with a summons and Complaint. Despite AJB's assertion of service on Mr. Bains, Mot. to Reopen at 2, its counsel's declaration states that "[p]ersonal service was attempted by the processor server on February 6, 2020 . . . without success," Handal Decl. ¶ 15, ECF No. 43 (Feb. 28, 2020). Furthermore, the USPS tracking history for the attempted service also indicates that the "item could not be delivered on February 27, 2020[,] . . . was held for the required number of days[,] and is being returned to the sender." USPS Tracking at 1, ECF No. 42-2 (Feb. 28, 2020).

3

As a result, because service by e-mail is not an acceptable means of service under California law,[3] AJB has failed to demonstrate it has completed service of process on even Mr. Bains. In addition, AJB has made no new efforts to effectuate service on the three other Defendants.

It has been much longer than ninety days since the Second Amended Complaint was filed. *See, e.g.*, *Tolchin v. County of Nassau*, 768 F. App'x 60 (2d. Cir. 2019) (affirming a district court's Rule 4(m) dismissal for failure to serve process, when plaintiffs failed to effectuate service for more than sixteen months after the complaint was filed, but finally effected service after the district court ordered them to show cause as to why the case should not be dismissed for failure to effectuate service); *see also Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007) (affirming dismissal under Rule 4(m) where the plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay").

Accordingly, because AJB has failed to demonstrate good cause for its failure to serve Defendants, the case will not be reopened, and will remain dismissed without prejudice under Rule 4(m) for failure to effectuate service on any Defendant since AJB initiated the lawsuit on December 26, 2016.

---

[3] As the Court noted previously, "California law recognizes five basic forms of service: (1) personal delivery, Cal. Civ. Proc. Code § 415.10; (2) leaving a copy at the party's usual residence or usual place of business, *id.* § 415.20; (3) by first-class mail, *id.* § 415.30; (4) to an out-of-state party by first-class mail that requires a return receipt, *id.* § 415.40; and (5) by publication. *Id.* § 415.50." Ruling on Mot. for Alt. Service at 5.

**III.     CONCLUSION**

For the reasons detailed above, the motion to reopen is **DENIED** and the case remains

closed as dismissed without prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of March, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE